FILED

2019 Jul-08  PM 07:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **MARC KAPSALIS and ZIKAP, INC.,** )<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**DR. DEAN SICKING and SICKING** )<br>**SAFETY SYSTEMS, INC.,** )<br>)<br>**Defendants.** )<br>)<br>_____ )<br>)<br>**DR. DEAN SICKING,** )<br>)<br>**Counterclaim Plaintiff,** )<br>)<br>**v.** )<br>)<br>**MARC KAPSALIS,** )<br>)<br>**Counterclaim Defendant.** )<br>) | **CIVIL ACTION NUMBER:**<br>**2:19-cv-00744-RDP** |

## PLAINTIFF/COUNTERCLAIM DEFENDANT MARC KAPSALIS' ANSWER TO COUNTERCLAIM

Plaintiff/Counterclaim Defendant Marc Kapsalis ("Mr. Kapsalis") hereby answers Defendant/Counterclaim Plaintiff Dr. Dean Sicking's ("Dr. Sicking") Counterclaim as set forth below.

## PRELIMINARY STATEMENT

Mr. Kapsalis denies the allegations that contain legal conclusions. Mr. Kapsalis also denies all allegations contained in the headings and introductory or unnumbered paragraphs of Dr. Sicking's Counterclaim. In response to the allegations in the specific numbered paragraphs in Dr. Sicking's Counterclaim, Mr. Kapsalis answers the Counterclaim as follows:

## PARTIES

1.      Mr. Kapsalis lacks sufficient information to admit or deny the allegations in Paragraph 1, and therefore denies them and demands strict proof thereof.

2.      Admitted.

## JURISDICTION

3.      Paragraph 3 calls for a legal conclusion. Therefore, no response is required.  To the extent a response is required, Mr. Kapsalis denies the allegations in Paragraph 3 and demand strict proof thereof.

4.      Paragraph 4 calls for a legal conclusion. Therefore, no response is required.  To the extent a response is required, Mr. Kapsalis denies the allegations in Paragraph 4 and demand strict proof thereof.

5.      Mr. Kapsalis admits that certain claims asserted in the Complaint stem from the parties' business relationship regarding a safer hockey dasher and a safer hockey helmet.  A hockey dasher refers to the boards, or wall, surrounding a hockey rink.  Mr. Kapsalis denies the remaining allegations in Paragraph 5 and demands strict proof thereof

6.      Paragraph 6 calls for a legal conclusion. Therefore, no response is required.  To the extent a response is required, Mr. Kapsalis denies the allegations in Paragraph 6 and demands strict proof thereof.

## FACTS

7.      Mr. Kapsalis lacks sufficient information to admit or deny the allegations in Paragraph 7, and therefore denies them and demands strict proof thereof.

8.      Admitted.

9.      Mr. Kapsalis lacks sufficient information to admit or deny the allegations in

Paragraph 9, and therefore denies them and demands strict proof thereof.

10.     Admitted.

11.     Mr. Kapsalis denies the allegations in Paragraph 11 and demands strict proof thereof.  Mr. Kapsalis states that, around the late spring of 2011, he contacted Dr. Sicking to discuss developing a safer hockey dasher that would specifically end catastrophic injuries as one of Mr. Kapsalis' youth hockey players became a quadriplegic after being injured in a game.

12.     Mr. Kapsalis admits that prior to the late spring of 2011, he did not have a relationship with Dr. Sicking.

13.     Mr. Kapsalis admits that, in August of 2011, he met with Dr. Sicking in Nebraska to discuss the potential of Dr. Sicking's interest in helping develop a safer dasher with the specific goal of preventing catastrophic injuries like that of his young player.  At this meeting, the parties entered into a hand-written agreement.  Over the next several years, the parties made modifications to the hand-written agreement via email correspondence.  On June 11, 2015, the parties entered into a subsequent written agreement that outlines the parties' terms regarding the development of the dasher and helmet.  Mr. Kapsalis denies the remaining allegations in Paragraph 13 and demands strict proof thereof.

14.     Mr. Kapsalis denies the allegations in Paragraph 14 and demands strict proof thereof.

15.     Mr. Kapsalis denies the allegations in Paragraph 15 and demands strict proof thereof.

16.     Mr. Kapsalis admits that he previously worked with Rensselaer Polytechnic Institute.  Mr. Kapsalis denies the remaining allegations in Paragraph 16 and demands strict proof thereof.

17.     Mr. Kapsalis denies that the parties agreed to share the costs of the project equally in August of 2011.  Mr. Kapsalis states that the parties agreed via email correspondence in late 2011 to share costs equally.  The written agreement the parties entered into on June 11, 2015, also outlines an agreement to share costs equally.  Until the counterclaim was filed in this action, however, Dr. Sicking never requested any funding or reimbursement of past expenses. Furthermore, prior to filing the counterclaim, Dr. Sicking rejected the offers Mr. Kapsalis made to pay for or reimburse any expense associated with the dasher project.

18.     Mr. Kapsalis denies the allegations in Paragraph 18 and demands strict proof thereof.

19.     Mr. Kapsalis denies that the parties discussed developing a safer helmet at the meeting in August of 2011.  Mr. Kapsalis states that discussion of the helmet began in the late fall of 2011, at which time the parties decided to add the helmet to their written agreement.

20.     Mr. Kapsalis denies the allegations in Paragraph 20 and demands strict proof thereof.

21.     Mr. Kapsalis denies the allegations in Paragraph 21 and demands strict proof thereof.

22.     Mr. Kapsalis lacks sufficient information to admit or deny the allegations in Paragraph 22, and therefore denies them and demands strict proof thereof.

23.     Mr. Kapsalis lacks sufficient information to admit or deny the allegations in Paragraph 23, and therefore denies them and demands strict proof thereof.

24.     Mr. Kapsalis lacks sufficient information to admit or deny the allegations in Paragraph 24, and therefore denies them and demands strict proof thereof.

25.     Mr. Kapsalis lacks sufficient information to admit or deny the allegations in

Paragraph 25, and therefore denies them and demands strict proof thereof.

26.     Mr. Kapsalis denies the allegations in Paragraph 26 and demands strict proof thereof.

27.     Mr. Kapsalis denies the allegations in Paragraph 27 and demands strict proof thereof.

28.     Mr. Kapsalis lacks sufficient information to admit or deny the allegations in Paragraph 28, and therefore denies them and demands strict proof thereof.

29.     Mr. Kapsalis denies the allegations in Paragraph 29 and demands strict proof thereof.

30.     Mr. Kapsalis denies the allegations in Paragraph 30 and demands strict proof thereof.

31.     Mr. Kapsalis lacks sufficient information to admit or deny the allegations in Paragraph 31, and therefore denies them and demands strict proof thereof.

32.     Mr. Kapsalis denies the allegations in Paragraph 32 and demands strict proof thereof.

33.     Mr. Kapsalis denies the allegations in Paragraph 33 and demands strict proof thereof.

34.     Mr. Kapsalis denies the allegations in Paragraph 34 and demands strict proof thereof.

35.     Mr. Kapsalis admits that Dr. Sicking should have developed and licensed a marketable product after eight years, which is well-past the terms of the parties' agreement and reasonable expectations.  Mr. Kapsalis denies the remaining allegations in Paragraph 35 and demands strict proof thereof.

36.     Mr. Kapsalis admits that Dr. Sicking has purchased ZiKap, Inc. stock.  Dr. Sicking has not received stock certificates because no stock certificates have been issued to the investors, including Mr. Kapsalis himself.  Mr. Kapsalis denies the remaining allegations in Paragraph 36 and demands strict proof thereof.

37.     Mr. Kapsalis admits that Dr. Sicking has purchased ZiKap, Inc. stock.  Mr. Kapsalis lacks sufficient information to admit or deny the remaining allegations in Paragraph 37, and therefore denies them and demands strict proof thereof.

38.     Mr. Kapsalis denies the allegations in Paragraph 38 and demands strict proof thereof.

39.     Mr. Kapsalis denies the allegations in Paragraph 39 and demands strict proof thereof.

40.     Mr. Kapsalis denies the allegations in Paragraph 40 and demands strict proof thereof.

41.     Mr. Kapsalis denies the allegations in Paragraph 41 and demands strict proof thereof.

42.     Mr. Kapsalis denies the allegations in Paragraph 42 and demands strict proof thereof.

43.     Mr. Kapsalis denies the allegations in Paragraph 43 and demands strict proof thereof.

44.     Mr. Kapsalis denies the allegations in Paragraph 44 and demands strict proof thereof.

## COUNT I – (BREACH OF CONTRACT-PROJECT EXPENSES)

45.     Mr. Kapsalis reaffirms and incorporates by reference his responses to the preceding

paragraphs as if fully set forth herein.

46.     Mr. Kapsalis denies that the parties agreed to share the costs of the project equally in August of 2011.  Mr. Kapsalis states that the parties agreed via email correspondence in late 2011 to share costs equally.  The written agreement the parties entered into on June 11, 2015, also outlines an agreement to share costs equally.  Until the counterclaim was filed in this action, however, Dr. Sicking never requested any funding or reimbursement of past expenses. Furthermore, prior to filing the counterclaim, Dr. Sicking rejected the offers Mr. Kapsalis made to pay for or reimburse any expense associated with the dasher project.

47.     Mr. Kapsalis lacks sufficient information to admit or deny the allegations in Paragraph 47, and therefore denies them and demands strict proof thereof.

48.     Mr. Kapsalis denies the allegations in Paragraph 48 and demands strict proof thereof.

49.     Mr. Kapsalis denies the allegations in Paragraph 49 and demands strict proof thereof.

50.     Mr. Kapsalis denies the allegations in Paragraph 50 and demands strict proof thereof.

In response to Dr. Sicking's unnumbered WHEREFORE paragraph following paragraph 50, Mr. Kapsalis denies that Dr. Sicking is entitled to any relief.

## COUNT II – (BREACH OF CONTRACT- PERSONAL LOAN)

51.     Mr. Kapsalis reaffirms and incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

52.     Mr. Kapsalis denies the allegations in Paragraph 52 and demands strict proof thereof.

53.     Mr. Kapsalis denies the allegations in Paragraph 53 and demands strict proof thereof.

54.     Mr. Kapsalis denies the allegations in Paragraph 54 and demands strict proof thereof.

55.     Mr. Kapsalis denies the allegations in Paragraph 55 and demands strict proof thereof.

56.     Mr. Kapsalis denies the allegations in Paragraph 56 and demands strict proof thereof.

57.     Mr. Kapsalis denies the allegations in Paragraph 57 and demands strict proof thereof.

58.     Mr. Kapsalis denies the allegations in Paragraph 58 and demands strict proof thereof.

In response to Dr. Sicking's unnumbered WHEREFORE paragraph following paragraph 58, Mr. Kapsalis denies that Dr. Sicking is entitled to any relief.

## COUNT III – (DECLARATORY JUDGMENT)

59.     Mr. Kapsalis reaffirms and incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

60.     Mr. Kapsalis admits that, in August of 2011, the parties entered into a hand-written agreement regarding the development of a safer hockey dasher.  Over the next several years, the parties made modifications to the hand-written agreement via email correspondence.  On June 11, 2015, the parties entered into a subsequent written agreement that outlines the parties' terms regarding the development of the dasher and helmet.  Mr. Kapsalis denies the remaining allegations in Paragraph 60 and demands strict proof thereof.

61.     Mr. Kapsalis denies that the parties agreed to share the costs of the project equally in August of 2011.  Mr. Kapsalis states that the parties agreed via email correspondence in late 2011 to share costs equally.  The written agreement the parties entered into on June 11, 2015, also outlines an agreement to share costs equally.  Until the counterclaim was filed in this action, however, Dr. Sicking never requested any funding or reimbursement of past expenses. Furthermore, prior to filing the counterclaim, Dr. Sicking rejected the offers Mr. Kapsalis made to pay for or reimburse any expense associated with the dasher project.

62.     Mr. Kapsalis denies the allegations in Paragraph 62 and demands strict proof thereof.

63.     Mr. Kapsalis denies the allegations in Paragraph 63 and demands strict proof thereof.

64.     Mr. Kapsalis denies the allegations in Paragraph 64 and demands strict proof thereof.

65.     Mr. Kapsalis denies the allegations in Paragraph 65 and demands strict proof thereof.

66.     Mr. Kapsalis denies the allegations in Paragraph 66 and demands strict proof thereof.

67.     Mr. Kapsalis denies the allegations in Paragraph 67 and demands strict proof thereof.

In response to Dr. Sicking's unnumbered WHEREFORE paragraph following paragraph 67, Mr. Kapsalis denies that Dr. Sicking is entitled to any relief.

## COUNTY IV – (UNJUST ENRICHMENT–PROJECT EXPENSES)

68.     Mr. Kapsalis reaffirms and incorporates by reference his responses to the preceding

paragraphs as if fully set forth herein.

69.     Admitted.

70.     Mr. Kapsalis lacks sufficient information to admit or deny the allegations in Paragraph 70, and therefore denies them and demands strict proof thereof.

71.     Mr. Kapsalis denies the allegations in Paragraph 71 and demands strict proof thereof.

72.     Mr. Kapsalis denies that the parties agreed to share the costs of the project equally in August of 2011.  Mr. Kapsalis states that the parties agreed via email correspondence in late 2011 to share costs equally.  The written agreement the parties entered into on June 11, 2015, also outlines an agreement to share costs equally.  Until the counterclaim was filed in this action, however, Dr. Sicking never requested any funding or reimbursement of past expenses. Furthermore, prior to filing the counterclaim, Dr. Sicking rejected the offers Mr. Kapsalis made to pay for or reimburse any expense associated with the dasher project.

73.     Mr. Kapsalis denies the allegations in Paragraph 73 and demands strict proof thereof.

74.     Mr. Kapsalis denies the allegations in Paragraph 74 and demands strict proof thereof

75.     Mr. Kapsalis lacks sufficient information to admit or deny the allegations in Paragraph 75, and therefore denies them and demands strict proof thereof.

76.     Mr. Kapsalis denies the allegations in Paragraph 76 and demands strict proof thereof.

77.     Mr. Kapsalis denies the allegations in Paragraph 77 and demands strict proof thereof.

78.     Mr. Kapsalis denies the allegations in Paragraph 78 and demands strict proof thereof.

79.     No allegations are provided in Paragraph 79.  Therefore, no response is required.

In response to Dr. Sicking's unnumbered WHEREFORE paragraph following paragraph 79, Mr. Kapsalis denies that Dr. Sicking is entitled to any relief.

## COUNT V (UNJUST ENRICHMENT–PERSONAL LOAN)

80.     Mr. Kapsalis reaffirms and incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

81.     Mr. Kapsalis denies the allegations in Paragraph 81 and demands strict proof thereof.

82.     Mr. Kapsalis denies the allegations in Paragraph 82 and demands strict proof thereof.

83.     Mr. Kapsalis denies the allegations in Paragraph 83 and demands strict proof thereof.

84.     Mr. Kapsalis denies the allegations in Paragraph 84 and demands strict proof thereof.

85.     Mr. Kapsalis denies the allegations in Paragraph 85 and demands strict proof thereof.

In response to Dr. Sicking's unnumbered WHEREFORE paragraph following paragraph 85, Mr. Kapsalis denies that Dr. Sicking is entitled to any relief.

## AFFIRMATIVE DEFENSES

Discovery and investigation of this case is in the early stages, and Mr. Kapsalis reserves the right to amend this Answer by adding, deleting, or amending defenses as may be appropriate.

Without assuming any burden of pleading, proof or persuasion where it otherwise rests with Dr. Sicking, Mr. Kapsalis further pleads the following defenses to the claims alleged in the Counterclaim:

### FIRST DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Dr. Sicking's claims are barred by the applicable statutes of limitations.

### THIRD DEFENSE

Dr. Sicking's equitable claims are barred, either in whole or in part, by an express agreement.

### FOURTH DEFENSE

Mr. Kapsalis is excused from performing under the contract due to Dr. Sicking's initial breach of the parties' contract.

### FIFTH DEFENSE

The damages that Dr. Sicking suffered, if any, were not the proximate result of any act or omission on the part of Mr. Kapsalis.

### SIXTH DEFENSE

Dr. Sicking failed to mitigate its damages, if any.

### SEVENTH DEFENSE

Dr. Sicking's claims are due to be dismissed because he does not have any actual damage.

### EIGTH DEFENSE

Dr. Sicking's claims are barred by the doctrine of laches.

**NINTH DEFENSE**

Dr. Sicking's claims are barred by the doctrine of waiver.

**TENTH DEFENSE**

Dr. Sicking's claims are barred by the doctrine of estoppel.

**ELEVENTH DEFENSE**

Dr. Sicking's claims are barred by the doctrine of ratification.

**TWELFTH DEFENSE**

Dr. Sicking's claims are barred by lack of consideration.

**THIRTEENTH DEFENSE**

Dr. Sicking's claims are barred because there was no meeting of the minds.

**FOURTEENTH DEFENSE**

Dr. Sicking's claims are barred because Dr. Sicking failed to perform a condition precedent.

**FIFTEENTH DEFENSE**

Dr. Sicking's claims are barred by the doctrine of accord and satisfaction.

**SIXTEENTH DEFENSE**

Dr. Sicking's claims are barred by the doctrine of unclean hands.

**SEVENTEENTH DEFENSE**

Dr. Sicking's claims are barred by the doctrine of duress.

**EIGHTEENTH DEFENSE**

Dr. Sicking's claims are barred by the doctrine of release.

Respectfully submitted,

*/s/ Edward S. Sledge IV*

Edward S. Sledge IV (ASB-6239-D60S)
Davis S. Vaughn (ASB-4208-W14X)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
Email: esledge@bradley.com
Email: dvaughn@bradley.com

*Attorneys for Marc Kapsalis and ZiKap, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2019 I served a copy of the foregoing via the Court's electronic filing system, by U.S. mail, postage prepaid, or electronic mail upon the following:

Brannon J. Buck
Christopher B. Driver
BADHAM & BUCK, LLC
2001 Park Place North, Suite 500
Birmingham, Alabama  35203
*Attorneys for Dr. Dean Sicking and Sicking Safety Systems, Inc.*

/s/ Davis S. Vaughn
OF COUNSEL
